

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700   (973)645-2700

Newark, NJ 07102

September 17, 2010

Hon. Dennis M. Cavanaugh
United States District Judge
USPO & Courthouse Bldg.
Federal Square
Newark, New Jersey 07102

      Re:  U.S. v. Phil A. Simon, Crim. No. 10-572 (DMC)

Dear Judge Cavanaugh:

      Please accept this letter in lieu of a more formal submission in support of the motion of the United States pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to ensure compliance with a subpoena issued under Rule 17(c) of the Federal Rules of Criminal Procedure for compulsion of handwriting exemplars from defendant Phil A. Simon in the above-referenced matter.

      Rule 17(c) of the Federal Rules of Criminal Procedure provides for the use of a subpoena in criminal cases to obtain documentary evidence.  <u>See</u> Fed. R. Crim. P. 17(c).  Particularly, the Rule authorizes the United States to obtain materials pretrial, including handwriting exemplars, (1) subject to the limitations imposed by the Fourth and Fifth Amendments to the United States Constitution and (2) subject to the requirements that the material is relevant and is needed pretrial.  <u>See</u> <u>United States v. Vanegas</u>, 112 F.R.D. 235, 237 n.3, 239 (D.N.J. 1986) (Rodriguez, J.); <u>United States v. Kloepper</u>, 725 F. Supp. 638, 641 (D. Mass. 1989).  Compelled production of handwriting exemplars does not violate the United States Constitution and the exemplars sought here are relevant and needed by the United States pretrial.  Hence, the Court should order them to be provided to the United States.

      The United States Supreme Court has ruled that compelling a handwriting exemplar from a defendant (1) is not a search or seizure entitled to Fourth Amendment protection, <u>see</u> <u>United States v. Mara</u>, 410 U.S. 19, 21 (1973), and (2) does not violate the Fifth Amendment privilege against self-incrimination because the privilege reaches only compulsion of a defendant's communication, <u>see</u> <u>Gilbert v. California</u>, 388 U.S. 263, 266-67 (1967) (concluding that handwriting is physical characteristic

outside of Fifth Amendment protection). Thus, neither the Fourth nor Fifth Amendment to the United States Constitution prohibits the compulsion of handwriting exemplars from the defendant.

Further, in order for the Court to grant the motion for pretrial compulsion of the exemplars, the United States must demonstrate:

(1) that the exemplars are relevant and evidentiary;

(2) that the exemplars are not otherwise procurable reasonably in advance of trial;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may unreasonably delay the trial; and

(4) that the application is made in good faith and is not intended as a general fishing expedition.

Vanegas, 112 F.R.D. at 239 (citing United States v. Nixon, 418 U.S. 683, 699-700 (1974)). All of these factors are satisfied here.

First, as the accompanying affidavit demonstrates, the exemplars are relevant to the fraud charges against the defendant. If the exemplars match the handwriting on the Home Savers Consulting Corp. documents that were provided to the homeowners and the checks that were issued to the straw buyers and other co-conspirators, then that will constitute proof of participation in this conspiracy to commit wire fraud and wire fraud. See Vanegas, 112 F.R.D. at 239.

Second, there is no other way of procuring these exemplars except to have the defendant furnish them to the United States.

Third, as in Vanegas, the United States seeks early production of the exemplars so that its expert can conduct handwriting comparisons of the exemplars and the numerous Home Savers documents, countless bank checks and other documents used to perpetrate the defendant's scheme that the United States has procured and then use this information at trial. To wait until trial, or the eve of trial, for the production of these exemplars possibly would disrupt the trial proceedings and likely delay the trial.

Fourth, the motion to compel exemplars is not intended as a general fishing expedition – as indicated above, the exemplars are relevant and evidentiary.

Accordingly, for all of these reasons, the Court should grant the motion of the United States to compel handwriting exemplars from defendant Phil A. Simon.

    Respectfully submitted,

    PAUL J. FISHMAN
    United States Attorney

    s/Donna Gallucio

    By:  DONNA GALLUCIO
    Assistant U.S. Attorney

cc: Olubukola Olarogba Adetula, Esq.
    (By e-mail, with attachments)