

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

DDG/PL AGR
2010R00396

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

September 24, 2010

Olubukola Adetula, Esq.
989 Sanford Avenue
Irvington, NJ 07111

     Re:   <u>Plea Agreement with Phil A. Simon</u>

Dear Mr. Adetula:

This letter sets forth the plea agreement between your client, Phil A. Simon, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than October 4, 2010. If an executed agreement is not returned to this Office by that date, then this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Phil A. Simon to count one of the indictment, Criminal No. 10-572 (DMC), which charges him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Phil A. Simon enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Phil A. Simon for participating in a conspiracy to defraud homeowners and lenders in his position as the owner/operator of Home Savers Consulting Corp., for the years 2004-2007. In addition, if Phil A. Simon fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts 2-6 of the indictment, Criminal No. 10-572 (DMC), against Phil A. Simon.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of

limitations on the date this agreement is signed by Phil A. Simon may be commenced against him, notwithstanding the expiration of the limitations period after Phil A. Simon signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which Phil A. Simon agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Phil A. Simon is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Phil A. Simon ultimately will receive.

Further, in addition to imposing any other penalty on Phil A. Simon, the sentencing judge:  (1) will order Phil A. Simon to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Phil A. Simon to pay restitution pursuant to 18 U.S.C. §§ 3663 <u>et seq</u>.; (3) may order Phil A. Simon, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Phil A. Simon to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should Phil A. Simon be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Phil A. Simon may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Phil A. Simon by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Phil A. Simon's activities and relevant conduct with respect to this case.

Stipulations

This Office and Phil A. Simon agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Phil A. Simon from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Phil A. Simon waive certain rights to file an appeal, collateral attack, writ

or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Phil A. Simon. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Phil A. Simon.

## No Other Promises

This agreement constitutes the plea agreement between Phil A. Simon and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions

have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Donna Gallucio
Assistant U.S. Attorney

APPROVED:

Unit Chief, Criminal Division

    I have received this letter from my attorney, Olubukola Adetula, Esq.  I have read this letter.  My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration registration consequences.  I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Phil A. Simon

Date: 10/20/10

I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration consequences.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____
Olubukola Adetula, Esq.

Date: 10/20/10

- 5 -

Plea Agreement With Phil A. Simon

Schedule A

1.    This Office and Phil A. Simon recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Phil A. Simon nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Phil A. Simon within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Phil A. Simon further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines in effect at the time of sentencing applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 7.

4.    The parties do not agree as to the applicability of guideline 2B1.1(b) and both sides reserve the right to argue their respective positions at sentencing.

The government's position is that the loss was more than $2.5 million but not more than $7 million, which would result in a 18-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(J), and the defendant's position is that the loss was more than $400,000 but not more than $1 million, which would result in a 14-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

5.    Specific Offense Characteristic 2B1.1(b)(2)(A) applies because the offense involved 10 or more victims.  This Specific Offense Characteristic results in an increase of 2 levels.

6.    Specific Offense Characteristic 2B1.1(b)(14)(A) applies because the defendant derived more than $1 million in gross receipts from one or more financial institutions as a result of the offense.  This Specific Offense Characteristic results in an increase of 2 levels.

7.    Phil A. Simon was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(b).  This results in an increase of 3 levels.

8.    As of the date of this letter, Phil A. Simon has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.    Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Phil A. Simon's acceptance of responsibility continues through the date of sentencing.    See U.S.S.G. § 3E1.1(a).

9.    As of the date of this letter, Phil A. Simon has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.    If Phil A. Simon enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Phil A. Simon's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Phil A. Simon will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10.    In accordance with the above, the parties agree that (a) if the Court finds that Specific Offense Characteristic 2B1.1(b)(1)(H) applies because the loss was more than $400,000 but not more than $1 million, the total Guidelines offense level applicable to the defendant will be 25, and that (b) if the Court finds that Specific Offense Characteristic 2B1.1(b)(1)(J) applies because the loss was more than $2.5 million but not more than $7 million, the total Guidelines offense level applicable to the defendant will be 29 (collectively, "the agreed total guidelines offense level").

11.    The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.    The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12.    Phil A. Simon knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25.    This Office will not file any appeal, motion or writ which challenges the sentence imposed by

the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of <u>29</u>. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.