UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED IN RECEPTION
U.S. ATTORNEY'S OFFICE
2010 MAR 29 AM 10 29
DISTRICT OF NEW JERSEY
NEWARK BRANCH OFFICE

--------------------------------------------------------------X

UNITED STATES OF AMERICA;

Plaintiff;

V.

PHIL A. SIMON ET AL;

Defendant.

--------------------------------------------------------------X

Magistrate No. 09-7094 (ES)

Ref. Docket No. 10-00572-001

--- **CROSS CLAIM** ---

In Rem: Phil Simon;

Adverse Claimant.

--------------------------------------------------------------X

RECEIVED
NOV 05 2011
AT 8:30 ____________M
WILLIAM T. WALSH, CLERK

# Affidavit

I, Phil Simon, *Sui Juris*, a living breathing being, an inhabitant of the earth, the undersigned, do solemnly swear, declare, and depose; that I am competent to state the matters set forth herein; that I have personal knowledge of the facts stated herein; and all the facts stated herein are true, correct and certain, admissible as evidence, and if called upon as a witness I will testify to their veracity, as being true, correct and certain.

## INTRODUCTION

1. Phil Simon is not one in the same as any legal fiction entity, 14th Amendment person, individual, commercial strawman or number created by the federal government.

2. Phil Simon has never knowingly, willingly and for certain and fair consideration ever entered into any contract that would controvert Claimant's private natural character status.

3. Phil Simon is not a beneficiary, surety, liable party and business partner for any legal fiction entity or number created by any corporation or the federal government, and has never knowingly, willingly, and for certain and fair consideration, ever entered into any contract that would controvert Claimant's claim on non-surety status.

4. The United States Constitution is the supreme Law of the several states. All governments officers and agents including each court forming the "compact" must be obedient to the construct

of both the United States Constitution and the Constitutions of the republics of New York and New Jersey.

5. *NYS CPL Article 570.08 reads as follows*: " No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state ... and accompanied by a copy of an indictment found or by information supported by an affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

6. In Baldwin v. Franks, 120 U.S. 678, 7 S.Ct. 656 (1887), certain penal, federal civil rights legislation was held unenforceable "within a state." In Ex parte Burrus, 136 U.S. 586, 10 S.Ct. 850 (1890), and De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485 (1906), the Court held that domestic relations matters were solely state concerns. In Reagan v. Mercantile Trust Co., 154 U.S. 413, 14 S.Ct. 1060 (1894), it was held that federally created corporations engaged in business in the States were subject to state laws. In Keller v. U.S., 213 U.S. 138, 29 S.Ct. 470 (1909), it was held that Congress could not exercise police powers within the States.

7. *NYS CPL Article 570.50,* 570.50, **Written waiver of extradition proceedings** *reads as follows*: "Any person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole, may waive the issuance and service of the warrant provided for in sections 570.18 and570.20 and all other procedure incidental to extradition proceedings by executing or subscribing in the presence of a judge of any court of record within this state a writing which states that he consents to return to the demanding state, provided, however, that before such waiver shall be executed or subscribed by such person it shall be the duty of such judge to inform such person of his rights to the issuance and service of a warrant of extradition and to

obtain a writ of habeas corpus as provided for in section 570.24. If and when such consent has been duly executed it shall forthwith be forwarded to the office of the secretary of state of this state and filed therein. The judge shall direct the officer having such person in custody to deliver forthwith such person to the duly accredited agent or agents of the demanding state, and shall deliver or cause to be delivered to such agent or agents a copy of such consent. Provided, however, that nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state."

8. Phil Simon has a non-privity relationship with all legal fiction entities.

9. Phil Simon is an agent for PHIL SIMON, not a trustee or liable party. UCC 3-402 (b)(1).

10. Phil Simon has not failed to state a claim upon which relief can be granted.

## FACTS

11. I am located in the City of Brooklyn, Kings County, New York State.

12. I am familiar with the instant action as first stated above.

13. On the morning of August 5th 2009 at approximately 8:30 AM at the location described above, a posse of six US Federal agents, refusing to give their names or present identifications unlawfully entered the premises which houses myself, my wife and my parents. Thus, Affiant was found in the Sovereign State of New York Republic.

14. The agents entered without expressed consent, with guns drawn, amongst the midst of frightened children, demanded that I get on the ground.

15. My wife questioned the authority and cause for such disruption to the privacy and values of a normal civilized family life. The agents answered that they are "looking for Phil Simon."

16. The agents refused to produce a valid warrant after several demands. The agents would only say that they have a "warrant." A warrant was never produced for inspection so that its authenticity could have been validated.

17. At approximately 8:40 AM, at 76 Bainridge Avenue, Brooklyn, New York State, Affiant was seized and lost liberty to his natural rights. He was then taken to several law enforcement quarters to be "processed" against his will, without the benefit of counsel and the knowledge of the charges made against him by a sworn affidavit and without knowing who his accusers are.

EXHIBIT A

# FEDERAL CRIMINAL RULES HANDBOOK

2009

LEVENSON

THOMSON
WEST

EXHIBIT A



NCE

within the United ithout unnecessary before a state or lo- 'ides, unless a stat-

outside the United ithout unnecessary , unless a statute

ınder a warrant is- ely a violation of 18 this rule if:

sferred without un- ıppropriate state or arrest; and

nt moves promptly, nt was issued, to

violating probation lies.

failing to appear in

*ıs.* When a defen- ıs under Rule 4, a Rule 5(d) or (e), as

a defendant is ar- ıeeting Rule 4(a)'s omptly filed in the ommitted.

**nsfer to Another**

*e Offense Was Al-* is arrested in the committed:

(A) the initial appearance must be in that district; and

(B) if a magistrate judge is not reasonably available, the initial appearance may be before a state or local judicial officer.

(2) ***Arrest in a District Other Than Where the Offense Was Allegedly Committed.*** If the defendant was arrested in a district other than where the offense was allegedly committed, the initial appearance must be:

(A) in the district of arrest; or

(B) in an adjacent district if:

(i) the appearances can occur more promptly there; and

(ii) the offense was allegedly committed there and the initial appearance will occur on the day of arrest.

(3) ***Procedures in a District Other Than Where the Offense Was Allegedly Committed.*** If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:

(A) the magistrate judge must inform the defendant about the provisions of Rule 20;

(B) if the defendant was arrested without a warrant, the district court where the offense was allegedly committed must first issue a warrant before the magistrate judge transfers the defendant to that district;

(C) the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;

(D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:

(i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and

(ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and

(E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

**(d) Procedure in a Felony Case.**

(1) ***Advice.*** If the defendant is charged with a felony, the judge must inform the defendant of the following:

(A) the complaint against the defendant, and any affidavit filed with it;






(B) the defendant's right to retain counsel or to request that counsel be appointed if the defendant cannot obtain consent;

(C) the circumstances, if any, under which the defendant may secure pretrial release;

(D) any right to a preliminary hearing; and

(E) the defendant's right not to make a statement, and that any statement made may be used against the defendant.

(2) ***Consulting with Counsel.*** The judge must allow the defendant reasonable opportunity to consult with counsel.

(3) ***Detention or Release.*** The judge must detain or release the defendant as provided by statute or these rules.

(4) ***Plea.*** A defendant may be asked to plead only under Rule 10.

**(e) Procedure in a Misdemeanor Case.** If the defendant is charged with a misdemeanor only, the judge must inform the defendant in accordance with Rule 58(b)(2).

**(f) Video Conferencing.** Video conferencing may be used to conduct an appearance under this rule if the defendant consents.

[Adopted Dec. 26, 1944, effective March 21, 1946; amended Feb. 28,1966, effective July 1, 1966; Apr. 24, 1972, effective Oct. 1, 1972; Apr. 28, 1982, effective Aug. 1, 1982; Oct. 12, 1984; Mar. 9, 1987, effective Aug. 1, 1987; May 1, 1990, effective Dec. 1, 1990; Apr. 22, 1993, effective Dec. 1, 1993; Apr. 27, 1995, effective Dec. 1, 1995; amended Apr. 29, 2002, effective Dec. 1, 2002; amended Apr. 12, 2006, effective Dec. 1, 2006.]

## AUTHOR'S COMMENTARY ON RULE 5

### PURPOSE AND SCOPE

Rule 5 provides an expeditious process by which a defendant who has been arrested will have an opportunity to appear before a Magistrate Judge for a determination of whether there was probable cause for the arrest and advisement of the defendant's constitutional rights in the criminal proceeding.

### 2006 AMENDMENT

Effective December 1, 2006, Rule 5 allows the government to transmit certain documents to the court by reliable electronic means.

# NOTICE TO U.S DISTRICT COURT

Please be advise of the continued affidavit with cross claim

Ref docket number: 10-00572-001

The cross clamant request the court order the us Attorney to response to said affidavit

RECEIVED

NOV 0 5 2011

AT 8:30____________M
WILLIAM T. WALSH, CLERK